JOSÉ VARGAS (Employer), Appellant, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, and MANUEL DE JESÚS RODRÍGUEZ (Claimant), Respondents.

No. 228. Argued December 1, 1941.—Decided December 23, 1941.

*R. Muñoz Ramos* for appellant. *A. D. Marchand Paz* for respondent claimant.

Mr. Justice Travieso delivered the opinion of the court.

This is an appeal taken by José Vargas, an employer, from an order which was rendered by the Industrial Commission on July 7, 1941, and which contains the following pronouncements:

1. That on September 12, 1940, the appellant was an employer who had four or more workmen working for him without being insured with the State Insurance Fund, as required by Act No. 45 of April 18, 1935.

2. That on said date Manuel de Jesús, a workman, was employed by, and in the service of, José Vargas.

3. That on the above-mentioned date said workman had an accident, it being no defense for the employer that the workman might be guilty of contributory negligence or that he may have assumed the risk of such injury, "because the employer was not insured, contrary to law, and hence the accident occurred during the course of his employment, in consequence thereof, and in the performance of a function inherent in his work"; and that the workman is therefore entitled to the protection and benefit provided by law.

In support of his appeal the appellant employer urges that the commission erred (a) in holding, contrary to the evidence, that at the time of the accident the appellant was an uninsured employer who employed in his bakery four or more workmen; (b) in holding that the accident occurred in the performance of a function inherent in the work; and (c) in failing to hold that the accident was due exclusively to the reckless negligence of the workman.

As the questions involved in the three assignments consist of mixed questions of fact and of law, a careful study of the evidence submitted to the Industrial Commission becomes necessary.

The injured workman testified that on September 12, 1940, he was working as a baker in the bakery of José Vargas; that at 8 o'clock in the evening of that day he had finished pre-

paring the dough and was leaving for dinner, but as the door through which he must pass was divided horizontally in two parts, he had to climb over the lower part in order to go out; that sand was piled up outside and he had to climb on a barrel and the barrel rocked and he fell, his arm striking the half-door; that he was confined for 28 days in the Asilo de Damas in Ponce, and was twice operated on, the expenses being paid by Mr. Vargas; that on the day of the accident there were working in the bakery Isaías Cordero as head baker, the injured workman Rodríguez, as first assistant baker, Ramón Lugo, as a helper in handling the mixer, and Juan Antonio Rodríguez, as wrapper of loaves and assistant in the preparation of dough when needed; that in addition other persons worked there, engaged in making pastry; that when the pastry work was over the baking of bread started; that during the daytime the workmen can go in and out through the office, but not at night when everybody must use the exit where he tried to climb and fell; that the place through which he tried to climb is not precisely a window but a door cut in two parts, the frame or sill thereof being four feet from the floor; that all the employees had to climb through there to go out into the street. On cross-examination, he stated that the shop has three doors in front, one of them being blocked by shelves and there is a window at the back through which he tried to climb; that when the work is over everybody has to climb through the window; that Isaías Cordero, head baker, a man about 60 years of age, must also climb through; that there is an exit at the back, through the garage, for going out into the street during the daytime, but such door is closed at night; that sometimes he would leave by the front, when the front door was open; that on the night of the accident he left through the window because the front exit was closed; that it was his duty to return to work half an hour afterwards and that he had to climb through the window; that it is true that just when the accident happened

a young woman had come up to the window to buy bread; that it is not true that he jumped through the window in order to overtake the young woman and talk to her; that he never complained to his employer that he was required to leave through the window; that he was never forbidden to jump through the window; that he knew it was dangerous and that this was also known to the employer.

Ramón Lugo testified that at the time of the accident he was not working in Varga's bakery; that he used to go there to learn the trade but was not paid; that only three people were working in the bakery: Isaías Cordero, as head baker, José Antonio Rodríguez as wrapper, and the injured party Manuel de Jesús Rodríguez, as an assistant; that about 7:30 p. m. the injured man had already finished his work; that at that time both the front and rear exits of the shop were open and the street could be reached; that Adelina Lugo, a young woman, came there to buy bread and that when the injured man saw her he climbed upon a barrel that was there and fell; that he swears that the doors were open and that anybody could go out through any of them; that he was permitted to work as an apprentice in the bakery by Cordero, the head baker, a friend of his, and not by the employer, as the latter did not want to have boys there as apprentices; that he used to go to the bakery about 6.30 or 7 p. m. and stay there until eight or a quarter of eight learning to make bread; that the employees would leave at night by the garage door, as the head baker has a key to that door and when anybody wants to leave he asks the head baker who opens the door; that they had prohibited there the climbing through the window.

Luis Pérez testified that at the time of the accident he was working as assistant to José Vélez, driver of the delivery wagon, and was going into the bakery to load the wagon with bread; that he saw working there Cordero, Manuel de Jesús, the claimant, Ramón Lugo, the loaf wrapper, and Juan

Antonio Rodríguez who weighed the loaves; that he knows the place where the accident occurred, which is a door divided in two parts in the middle and that the only way to leave by it is by climbing through; that he once climbed through there and they reported the fact to his employer who warned him; that when he went at night to the bakery he would come in by the front door and if the front door was locked he would come in by the back door, asking the head baker for the key; that it was not customary there to climb through the window in order to leave the bakery.

Isaías Cordero testified that at the time of the accident he was working in Vargas' bakery as head baker and that he used to be the last to leave the bakery; that Ramón Lugo was working there as an apprentice; that Ramón Lugo is paid by him out of his own pocket as his helper and that Lugo is not an employee of Vargas; that he witnessed the accident which Manuel de Jesús Rodríguez had; that the latter said to him: "Boss, let me have half a pound of bread for my dinner," and he gave it to him; that just then the young woman Angelina came there and shouted: "Half a pound of bread," and that on hearing her Manuel de Jesús tried to leave by the window, placing a keg to climb up and he fell; that the keg was at another place and he pulled it and placed it there in order to jump; that he did so on another occasion in order to go out and see Angelina and the owner warned him and then it was locked, because they had orders to go through the back door; that he (the witness) has never climbed through the place where the injured man tried to climb; that he always leaves by a gate existing there whose key had been given to him by the employer; that on one occasion Rodríguez, the injured man, climbed through the window and he warned him: "Do not climb through there, don Pepe has forbidden it"; that don Pepe also warned him in his presence; that on the day of the accident there were three persons employed in the bakery; that

there have always been three such persons; that the only business operated by Vargas was the bakery, and that the pastry business carried on there once a week belonged to Panelli; that the prohibition by the employer not to climb through the window was strictly complied with, because not even he who was the boss could do it; that when at night any of the employees desired to leave, he would let him have the key which would then be returned would to the employee who was left wrapping the loaves; that the front door would be locked at eight or nine at night, but that at 7 : 30 or 8 p. m. it was open; that at the time Rodríguez attempted to climb through the window, the front door was open and he could have left through it, but that said young woman came to buy bread and he lost his head and climbed and fell.

Antonio Vargas Rodríguez testified that on the day of the accident he was working there as a baker; that he noticed when the young woman came to buy bread and when the injured man pulled the keg, climbed on it, and fell; that when this happened the front door was open; that the young girl went by the back and not by the front because the window through which hot bread is sold is at the back; that the injured man is his nephew; that when employees finish their work they go out into the street by a gate at the back the key of which is kept by the head baker.

José Vargas, the employer, testified that the bakery is his only business and that he has nothing to do with the pastry business; that on the night of the accident he had three workmen employed: Isaías Cordero, Antonio Vargas; and the injured man; that at that time Ramón Lugo was not working for him; that his employees would not leave through the window, on the contrary, he had dismissed a boy because he attempted to climb through the window; that he had prohibited them to climb through it; that on one occasion Cordero, the head baker, had complained to him that the injured man had climbed through the window and that he warned

him and told him not to do it again as he might be injured and, moreover, that he was thereby setting a bad example to the others; that at the time of the accident the front door was open; that the relations between him and the injured man had always been friendly.

Under Section 2 of the Workmen's Accident Compensation Act (No. 45 of 1935), it is an essential requisite for a workman to be entitled to claim compensation from the State Fund or from an uninsured employer that the injuries or loss of life be the result of an act or function inherent in the work or employment and that the same should occur during the course of said work or employment and in consequence thereof. Where such requisite has been complied with, the employer, whether insured or uninsured, may only set up such defenses as are enumerated in section 4 of said act. If the accident is compensable under section 2, *supra,* the employer, whether insured or uninsured, may not allege as a defense contributory negligence on the part of the workman or that the latter assumed the risk of the injury; but either employer may allege as a defense that the gross negligence of the workman was the only cause of the injury. See section 4 in connection with section 15 of the cited act.

We think that the conclusion reached by the Industrial Commission that "the accident occurred during the course of work, as a consequence thereof, and in a function inherent therein," is clearly erroneous and can not be upheld. At the time of the accident the work had already ceased. The climbing through the window was not a part of, or function inherent in, the work that the injured person had to do. Not only was he not required to climb through that window, but he was expressly forbidden to do so; and, moreover, he might have left by the back door by borrowing the key from the head baker, or by the front door which was open at the time. If the injured person chose to climb through the win-

·dow, in disregard of the express orders of the employer, in order to reach the street sooner, he rendered himself thereby guilty of reckless negligence, and such being the only cause of the injury the employer can not be held liable at all.

For the foregoing reasons the decision appealed from must be reversed.